UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL J. NEWLIN, P.A.,

     Plaintiff,

v.                                                                          Case No: 6:18-cv-139-Orl-41TBS

THE ATTORNEY LAW GROUP, INC. and
JUAN RUIZ,

     Defendants.

_____

## ORDER

     This matter comes before the Court sua sponte. On January 26, 2018, Defendant filed a Notice of Removal of this case from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Doc. 1). Defendant alleges that the Court has federal question jurisdiction based on 28 U.S.C. § 1331.

     Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Plaintiff Daniel J. Newlin, P.A. is suing Defendants, The Attorney Law Group, Inc. and Juan Ruiz, Esq., for damages resulting from Defendants' alleged improper use of the term "Dan Newlin" (or similar term) as a Google AdWord (or keyword) (Doc. 2, ¶¶ 16-23). Plaintiff alleges that Defendants are engaging in misleading ad placement, whereby Defendant's phone number is placed above or below Plaintiff's paid advertising, causing the intentional diversion of consumers seeking to contact Newlin Law (Id.). Plaintiff sues for unauthorized use of the name for advertising under § 540.08, Florida Statutes (Count I); false advertising (Count II); violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes (Counts III and IV); common law service mark infringement (Count V); conversion (Count VI); fraud (Count VII); and tortious interference (Count VIII) (Doc. 2). Defendants removed the case to this Court on the following basis:

> 4. The allegations of the Complaint raise a Federal question regarding the appropriate use of "keywords" on the Google Adwords Platform under the Federal Trade Commission, 15 U.S.C. § 45, et. seq., for which the Defendant, JUAN RUIZ has filed a Declaratory Action in the United States District Court, Southern District of Florida under Case No.: 18-60028-CIVDIMITROULEAS.
>
> 5. This Court has original jurisdiction of the above entitled action pursuant to 28 U.S.C.§ 1331 and the action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441 so that it can be transferred and consolidated with the Declaratory Action pending in the Southern District of Florida.

(Doc. 1, ¶¶ 4-5).

The Eleventh Circuit has explained:

> **A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint.** See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. If the plaintiff elects to bring only state law

causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3566 (1984).

Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. See, Franchise Tax Board, 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that e.g., ERISA preemption defense, without more, does not create removal jurisdiction).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added).

The Court has reviewed Plaintiff's complaint and does not see a federal cause of action pled under 15 U.S.C. §45.[1] As there is no alleged basis for diversity jurisdiction either,[2] it appears that this case was improvidently removed.

Accordingly, Defendant is **ORDERED** to show cause by February 12, 2018, why this case should not be remanded to state court for lack of subject matter jurisdiction. Failure to respond to this order within the time required or failure to establish that jurisdiction exists may result in remand of this case without further notice.

**DONE** and **ORDERED** in Orlando, Florida on January 29, 2018.

THOMAS B. SMITH
United States Magistrate Judge

---

[1] "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006), citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 361 n. 6 (5th Cir.1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen"). "Only the commissioner may bring a complaint for violations of this section." Deutsche Bank Nat. Tr. Co. v. Foxx, 971 F. Supp. 2d 1106, 1119 (M.D. Fla. 2013) (citing Federal Trade Commission v. Klesner, 280 U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138 (1929)).

[2] According to the complaint, Plaintiff and Defendants are all Florida citizens.

Copies furnished to:

      Counsel of Record
      Unrepresented Parties