## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Case No.: 6:18-cv-139-Orl-41TBS

DANIEL J. NEWLIN, P.A. d/b/a The Law
Office of Dan Newlin, a Florida corporation,

      Plaintiff,

v.

THE ATTORNEY LAW GROUP, INC., a
Florida corporation and JUAN RUIZ,

      Defendant.

_____/

### RESPONSE TO ORDER TO SHOW CAUSE

**COME NOW** the Defendants, THE ATTORNEY LAW GROUP, INC. (hereinafter referred to *individually* as "TALG") and JUAN RUIZ (hereinafter referred to *individually* as "Ruiz") (hereinafter referred to *collectively* as the "Law Firm Defendants"), by and through their undersigned counsel, and hereby file the following Response to the Order to Show Cause dated January 29, 2018 as follows:

### FACTS

1.    On or about December 21, 2017, the Law Firm Defendants received a "Cease and Desist Letter" from the Plaintiff, DANIEL J. NEWLIN, P.A. (hereinafter referred to as the "Plaintiff") along with a copy of the State Court Complaint. (A copy of the Cease and Desist Letter is attached hereto as Exhibit "A").

2.    The proposed State Court Complaint alleged the following causes of action: Count II - False Advertising; Count III - Violation of Florida's Deceptive and Unfair Trade Practices Act

Daniel J. Newlin, PA v. The Attorney Law Group, Inc. et. at.
Case No.: 6:18-cv-139-Orl-41TBS

1

(Injunctive Relief); Count IV - Violation of Florida's Deceptive and Unfair Trade Practices Act (Damages) and Count V - Service Mark Infringement.

    3.    Count II - False Advertising is alleged ***generally*** without any reference to governing statutes or legal authorities. [Emphasis added].

    4.    Count III - Violation of Florida's Deceptive and Unfair Trade Practices Act (Injunctive Relief) is alleged ***generally as a violation of Florida Statute § 501.201, et. seq.*** without a specific allegation as to which portion of the Chapter that the Law Firm Defendants were in violation. [Emphasis added].

    5.    Count IV - Violation of Florida's Deceptive and Unfair Trade Practices Act (Damages) also alleged ***generally as a violation of Florida Statute § 501.201, et. seq.*** without a specific allegation as to which portion of the Chapter that the Law Firm Defendants were in violation. [Emphasis added].

    6.    Count V - Service Mark Infringement is alleged ***generally*** without any reference to governing statutes or legal authorities. [Emphasis added].

    7.    All of the Plaintiff's causes of action are premised upon the allegation that the Law Firm Defendants utilized the Plaintiff's name as a "keyword" in a Google AdWords Campaign. The general factual allegation represents an alleged violation of the Plaintiff's Right of Publication, or use of another's name and likeness for a commercial purpose.

    8.    Upon receipt of the Plaintiff's Cease and Desist Letter, the Law Firm Defendants filed an action for Declaratory Relief in the United States District Court, Southern District of Florida to determine if the Law Firm Defendant's use of keywords in a Google AdWords Advertising Campaign which allegedly affected the Plaintiff was a violation of the False

Daniel J. Newlin, PA v. The Attorney Law Group, Inc. et. at.
Case No.: 6:18-cv-139-Orl-41TBS

2

Advertising provisions of the Federal Trade Commission Act. (A copy of the Declaratory Action is attached hereto as Exhibit "B"). The Declaratory Action was filed on January 4, 2018.

9. Unbeknownst to the Law Firm Defendants, the Plaintiff actually filed the State Court Action on or about December 28, 2017, but did not have the Summonses issued against the Law Firm Defendants until January 4, 2018, the same date that the Law Firm Defendants filed their Declaratory Action in Federal District Court. The Law Firm Defendants were actually served on or about January 16, 2018 prompting the Notice of Removal that is now at issue.

10. The intent of the Notice of Removal was to file a Motion to Transfer this matter to the Southern District of Florida so that the two (2) matters can ultimately be consolidated, as, for the reasons that follow, this matter involves significant federal questions, even though they do not initially appear on the face of the Plaintiff's Complaint.

**ARGUMENT**

11. Factually, the use of another's Name and Likeness is "cyberpiracy" as governed by 15 U.S.C. § 1125(d), which is the governing law of that factual issue. Accordingly, the Law Firm Defendants should not be procedurally prevented from removing this matter to Federal District Court just because the Plaintiff failed to properly specify the governing statute in its pleading.

12. Count II - False Advertising is governed by the Federal Trade Commission Act, 15 U.S.C. § 41, et. seq., as is also the basis of the Law Firm Defendants' Declaratory Action. As the governing law of this legal issue, the Law Firm Defendants should not be procedurally prevented from removing this matter to Federal District Court just because the Plaintiff failed to specify the governing statute in its pleading.

13. Plaintiff's Count III - Violation of Florida's Deceptive and Unfair Trade Practices Act (Injunctive Relief) and Count IV - Violation of Florida's Deceptive and Unfair Trade Practices

Daniel J. Newlin, PA v. The Attorney Law Group, Inc. et. at.
Case No.: 6:18-cv-139-Orl-41TBS

3

Act (Damages) *generally* refer to Defendants' alleged conduct as violations of Florida Statute § 501.201, et. seq.

14. Florida Statute § 501.203(3), defines a violation of Florida's Deceptive and Unfiar Trade Practices Act as follows:

> (a) Any rules promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. s. 41, et. seq.;
>
> (b) The standards of unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts; or
>
> (c) Any law, statute, rule, regulation, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices.

15. Thus, the factual and legal issues set forth in Plaintiff's Count III - Violation of Florida's Deceptive and Unfair Trade Practices Act (Injunctive Relief) and Count IV - Violation of Florida's Deceptive and Unfair Trade Practices Act (Damages), that are also the factual and legal issues that form the basis of the Law Firm Defendants' Declaratory Action, are governed by the Federal Trade Commission Act, as incorporated by Florida's Deceptive and Unfair Trade Practices Act definitions. Therefore, the Law Firm Defendants should not be procedurally prevented from removing this matter to Federal District Court just because the Plaintiff fails to rely upon specifically stated federal governing statutes in its pleading.

16. Count V - Service Mark Infringement is governed by the Lanham Act, 15 U.S.C. § 1116(a), and the Law Firm Defendants should not be procedurally prevented from removing this matter to Federal District Court just because the Plaintiff failed to specify this governing statute in its defective pleading as well.

Daniel J. Newlin, PA v. The Attorney Law Group, Inc. et. at.
Case No.: 6:18-cv-139-Orl-41TBS

4

17. The pleading practice that is depicted above does not appear to be the result of inadvertence, but a general pattern of pleading by omission of the involved federal questions on the face of the Complaint and is specifically calculated to thwart removal of the matter to federal district court.

18. Regardless of the pleading practice employed by the Plaintiff, the above demonstrates that there are, indeed, federal questions, and the factual issues and majority of the causes of action are governed by federal law.

## CONCLUSION

The Law Firm Defendants strongly urge the Court to accept the above Response and rule that they have satisfied the Order to Show Cause and that the Law Firm Defendants have established by a preponderance of the evidence federal jurisdiction and the right to remove.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Courts and served to counsel of record by using the online CM/ECF system this 6th day of January, 2018.

> Respectfully submitted,
>
> By: __/s/ Barry G. Roderman_
> Barry G. Roderman, Esq.
> (Fla. Bar No.: 105637)
> Barry G. Roderman & Associates, P.A.
> Attorney for Defendants
> 633 SE 3rd Avenue, Suite 4R
> Fort Lauderdale, FL 33301-3151
> Tel.: (954) 761-8810 • Fax: (888) 246-9753
> Service: mail@barryroderman.com
> Service 2: bgr@barryroderman.com

Daniel J. Newlin, PA v. The Attorney Law Group, Inc. et. at.
Case No.: 6:18-cv-139-Orl-41TBS

5