UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIEL J. NEWLIN, P.A.,

    Plaintiff,

v.                                        Case No: 6:18-cv-139-Orl-41TBS

THE ATTORNEY LAW GROUP, INC. and
JUAN RUIZ,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the Court *sua sponte*. On January 26, 2018, Defendants filed a Notice of Removal of this case from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida (Doc. 1). Upon review of the Notice and the complaint, I directed Defendants to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction (Doc. 3). Defendants have filed their response (Doc. 6). I find that subject matter jurisdiction has not been shown and **respectfully recommend** that the case be **remanded** to state court.

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc.,

269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Plaintiff Daniel J. Newlin, P.A. is suing Defendants, The Attorney Law Group, Inc. and Juan Ruiz, Esq., for damages resulting from Defendants' alleged improper use of the term "Dan Newlin" (or similar term) as a Google AdWord (or keyword) (Doc. 2, ¶¶ 16-23). Plaintiff alleges that Defendants are engaging in misleading ad placement, whereby their phone number is placed above or below Plaintiff's paid advertising, causing the intentional diversion of consumers seeking to contact Newlin Law (Id.). Plaintiff claims unauthorized use of the name for advertising under § 540.08, Florida Statutes (Count I); false advertising (Count II); violation of Florida's Deceptive and Unfair Trade Practices Act, § 501.201, Florida Statutes (Counts III and IV); common law service mark infringement (Count V); conversion (Count VI); fraud (Count VII); and tortious interference (Count VIII). Defendants removed the complaint to this Court on the following basis:

> 4. The allegations of the Complaint raise a Federal question regarding the appropriate use of "keywords" on the Google Adwords Platform **under the Federal Trade Commission, 15 U.S.C. § 45,** et. seq., for which the Defendant, JUAN RUIZ has filed a Declaratory Action in the United States District Court, Southern District of Florida under Case No.: 18-60028-CIVDIMITROULEAS.
>
> 5. This Court has original jurisdiction of the above entitled action pursuant to 28 U.S.C.§ 1331 and the action may, therefore, be removed to this Court pursuant to 28 U.S.C. § 1441 so that it can be transferred and consolidated with the Declaratory Action pending in the Southern District of Florida.

(Doc. 1, ¶¶ 4-5 – emphasis added).

There is no cause of action under 15 U.S.C. §45 pled in the complaint. In their response (which fails to cite a single case), Defendants now argue that: 1) the use of another's name and likeness is "cyberpiracy" as governed by 15 U.S.C. § 1125(d); 2) the

false advertising count "is governed by the Federal Trade Commission Act, 15 U.S.C. § 41, *et. seq*;" 3) the FDUTPA counts "are governed by the Federal Trade Commission Act, as incorporated by Florida's Deceptive and Unfair Trade Practices Act definitions;" and 4) the count for service mark infringement "is governed by the Lanham Act, 15 U.S.C. § 1116(a)." Therefore, according to Defendants, they should not be "procedurally prevented" from removing this matter to federal court "just because the Plaintiff failed to properly specify the governing statutes in its pleading." (Doc. 6). This argument is baseless. As the Eleventh Circuit has explained:

> **A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint**. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11, 103 S.Ct. 2841, 2845, 77 L.Ed.2d 420 (1983). This is known as the "well-pleaded complaint" rule, because it directs our focus to the terms of the complaint as the plaintiff chooses to frame it. **If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court**. 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 3566 (1984).
>
> Because a federal question must appear on the face of the plaintiff's complaint to satisfy the well-pleaded complaint rule, a defense which presents a federal question can not create removal jurisdiction. Thus, a case may not be removed to federal court on the ground of a federal question defense alone, even if that defense is valid. See, Franchise Tax Board, 463 U.S. at 25-28, 103 S.Ct. at 2854-56 (holding that e.g., ERISA preemption defense, without more, does not create removal jurisdiction).

Kemp v. Int'l Bus. Machines Corp., 109 F.3d 708, 712 (11th Cir. 1997) (emphasis added). The complaint does not purport to state a cause of action for violation of the Federal Trade Commission Act,[1] the Lanham Act, or any other federal law. Rather, the complaint

---

[1] "There is no private cause of action implied under the Federal Trade Commission Act." Lingo v. City of Albany Dep't of Cmty. & Econ. Dev., 195 F. App'x 891, 894 (11th Cir. 2006), citing Roberts v.

- 3 -

alleges the violation of *state* statutes and common law rights. The fact that the matters alleged might also support a similar federal claim is irrelevant. Plaintiff, as the master of its complaint, has pled only state law claims.[2] Because no federal claim is pled, removal on federal question jurisdiction is not available and absent an alleged basis for diversity jurisdiction,[3] this case was improperly removed.[4]

For these reasons, I **respectfully recommend** that the case be **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 8, 2018.

THOMAS B. SMITH
United States Magistrate Judge

---

Cameron-Brown Co., 556 F.2d 356, 361 n. 6 (5th Cir.1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen"). "Only the commissioner may bring a complaint for violations of this section." Deutsche Bank Nat. Tr. Co. v. Foxx, 971 F. Supp. 2d 1106, 1119 (M.D. Fla. 2013) (citing Federal Trade Commission v. Klesner, 280 U.S. 19, 25, 50 S.Ct. 1, 74 L.Ed. 138 (1929)).

[2] Defendants appear to be under the impression that claims for false advertising or service mark infringement are within the exclusive purview of federal law. In fact, Florida provides remedies for these claims independent of federal law. See, e.g., Florida Statutes §§ 817.41 and 495.161; and generally Great S. Bank v. First S. Bank, 625 So.2d 463, 467 (Fla.1993).

[3] According to the complaint, Plaintiff and Defendants are all Florida citizens.

[4] Defendants' contention that they wish the action removed in order to consolidate it with the action for declaratory relief they filed in the Southern District is of no moment. Absent subject matter jurisdiction, the Court is without power to entertain the complaint, regardless of venue.

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties